# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK A. GLEASON, | ) | 1:02-cv-06558 AWI YNP DLB (HC) |
| | ) | |
| Petitioner, | ) | ORDER VACATING JULY 10, 2009 |
| | ) | ORDER; ORDER RE-OPENING CASE; |
| v. | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RELIEF FROM |
| | ) | JUDGMENT; AND ORDER DENYING |
| E.S. ALAMEIDA, Warden, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | [Doc. #39] |
| | ) | |

## BACKGROUND

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 9, 2004, Magistrate Judge William Wunderlich filed Findings and Recommendations that recommended the petition be denied. On September 7, 2004, Petitioner filed objections to the Findings and Recommendations. On December 20, 2004, the undersigned conducted a *de novo* review of the case, adopted the Findings and Recommendations, and denied the petition. Both the undersigned and the Ninth Circuit Court of Appeals then denied Petitioner a certificate of appealability.

On July 6, 2009, Petitioner filed a motion seeking relief from this court's December 20, 2004 order pursuant to Federal Rule of Civil Procedure 60(b)(6). In his motion, Petitioner cites to news

accounts that Petitioner claims reported Magistrate Judge Wunderlich had been found to be biased or unethical. Petitioner contends that Magistrate Judge Wunderlich wrongly recommended denying his petition.

On July 10, 2009, Magistrate Judge Dennis L. Beck denied Petitioner's motion. On July 24, 2009, Petitioner filed a notice of appeal of this denial. The Clerk of the Court then requested that the court grant or deny a certificate of appealability.

**MAGISTRATE JUDGE'S JULY 10, 2009 ORDER**

The authority of a Magistrate Judge to impose any order turns first on whether the order is construed as non-dispositive or dispositive. Rule 72 of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. §§ 604, 631-639, state that if a matter is not dispositive of a claim or defense of a party, a Magistrate Judge may enter a written order stating the decision. Fed.R.Civ.P. 72(a). However, if the matter is dispositive, the Magistrate Judge must enter a recommendation for the disposition of the matter. Fed.R.Civ.P. 72(b)(1). An order concerning a motion to vacate judgement under Rule 60(b) is dispositive. Thus, the July 10, 2009 order must be vacated, and the undersigned must address Plaintiff's July 6, 2009 motion.

**LEGAL STANDARD FOR RULE 60(b) MOTIONS**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final

1  judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect;
2  (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged
3  judgment; or (6) "extraordinary circumstances" which would justify relief.  Fed.R.Civ.Pro. 60(b);
4  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Relief
5  from final judgment under Rule 60(b)(6) is available to parties "upon terms as are just." Fed.R.Civ.P.
6  60(b)(6).  And relief is "warranted only if 'extraordinary circumstances' exist." Maraziti v. Thorpe,
7  52 F.3d 252, 254 (9th Cir.1995); LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334,
8  1338 (9th Cir. 1986).

**DISCUSSION**

10      In his motion, Petitioner contends that the court should vacate the judgment in this action
11  because Magistrate Judge Wunderlich was found to be biased.  It appears Petitioner is referring to
12  the case of United States v. Baca, 1:08-CR-0080.[1]  In Baca, a criminal case, District Court Judge
13  Oliver W. Wanger found that Magistrate Judge Wunderlich should have granted the defendant's
14  motion to recuse Judge Wunderlich.  Judge Wanger determined that the presence of a noose in
15  chambers had the appearance of a lack of impartiality under the unique circumstances of the case.  It
16  appears Petitioner's position is that because Magistrate Judge Wunderlich had an appearance of bias
17  in Baca, he must have had an appearance of bias in this action, and as such, he should have *sua*
18  *sponte* recused himself.

19      The final order denying Petitioner's habeas corpus petition was issued by the undersigned,
20  not Magistrate Judge Wunderlich.  In denying the petition, the undersigned reviewed the petition *de*
21  *novo* pursuant to 28 U.S.C. §636(b)(1)(C) before adopting the Findings and Recommendations.  Had
22  the Findings and Recommendations been incorrect or shown signs of bias, the undersigned would
23  have found them during *de novo* review.  However, the court's order adopting the Findings and
24  Recommendations found  "the Findings and Recommendations to be supported by the record and

---

[1] The court will take judicial notice of the opinion in Baca because the court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Judicial notice may be taken of court records. See, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

proper analysis." The opinion discussed why Magistrate Judge Wunderlich's analysis was sound and Petitioner's objections were not.

Rule 61 of the Federal Rules of Civil Procedure provides that no error in any ruling or order by the court is ground for a new trial or otherwise disturbing a judgment unless refusal to do so is inconsistent with substantial justice: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Fed.R.Civ.P. 61. Because the undersigned denied the petition after a *de novo* review of the file, Petitioner cannot show his substantial rights were affected by Judge Wanger's findings about Judge Wunderlich in an entirely unrelated action. Thus, relief from judgment is not warranted.

## CERTIFICATE OF APPEALABILITY

The court notes that a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition of motion to vacate, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The court may only issue a certificate of appealability if jurists of reason could disagree with the order or find it debatable. Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable that any potential error was harmless.

//

//

**ORDER**

Accordingly, the court ORDERS that:

1. The July 10, 2009 order is VACATED;
2. This action is re-opened for the purposes of allowing the undersigned to address the motion for relief from judgment;
3. Petitioner's motion for relief from judgment is hereby DENIED; and
4. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   September 9, 2009**               /s/ Anthony W. Ishii
                                             CHIEF UNITED STATES DISTRICT JUDGE